# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>**DANIEL FOSTER,**    )<br>                )<br>        **Plaintiff,**    )<br>                )<br>    **v.**        )<br>                )<br>**ALBERTO GONZALES, Attorney**    )<br>  **General,**        )<br>                )<br>        **Defendant.**    )<br>_____ ) | **Civil Action No. 06-1288 (JDB)**<br>**ECF** |

## DEFENDANT'S MOTION TO DISMISS

Defendant Alberto Gonzales, Attorney General of the United States and head of the

United States Department of Justice, by and through his undersigned counsel, respectfully moves

to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In short,

the Court should dismiss plaintiff's claim that his employment was terminated for unlawful

reasons because his own  complaint demonstrates plainly that plaintiff failed to exhaust his

administrative remedies in a timely manner.  The grounds for this motion are set forth more fully

in the accompanying memorandum.  A proposed order is attached.

Dated: November 6, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL FOSTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1288 (JDB)** |
| ) | **ECF** |
| **ALBERTO GONZALES, Attorney** ) | |
| **General,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION TO DISMISS

This case presents a classic attempt for a second bite at the apple. There are no disputes about what happened or when. Because federal employees challenging adverse actions as unlawfully discriminatory have an obligation to raise such matters promptly, and not to wait until they have unsuccessfully pursued an alternative avenue which might have reversed the adverse action, this case must be dismissed.

**I.      Facts Alleged in the Complaint**

Plaintiff Daniel Foster was a Special Agent with the Federal Bureau of Investigation ("FBI") from March, 1996 until the FBI terminated his employment in July, 2004. Compl. ¶¶ 4, 6. In this action, he alleges that the FBI's decision to discharge him was unlawfully motivated by his race (Hispanic) and national origin (Peruvian) rather than the multiple instances of misconduct documented by an investigation by the Office of Professional Responsibility. Compl. ¶¶ 12, 31-32.

The chronology of events is accurately set forth in the Complaint. On July 16, 2004, the FBI notified Plaintiff that his termination would take effect on that day. Compl. ¶¶ 12-13. Specifically, plaintiff admits that the "OPR Decision also advised Plaintiff Foster that the OPR was dismissing him from the FBI, effective upon his receipt of the decisional letter, July 16, 2004…" Compl. ¶ 12. After July 16, 2004, Plaintiff no longer worked at the FBI and his salary ceased. Compl. ¶¶ 9, 12-13.

Although the FBI advised plaintiff that an internal appeal of the OPR decision was available, the FBI did not suspend or postpone the termination of Plaintiff's position on July 16, 2004 pending any appeal. Compl. ¶ 13. Plaintiff's Complaint actually highlights the following language from the termination letter that was provided to Plaintiff on July 16, 2004: "*The discipline imposed by this letter is not postponed pending your appeal*." Id. (emphasis in original). Plaintiff did file an appeal with the FBI's Administrative Services Division, which convened a Disciplinary Review Board ("DRB"). Compl. ¶ 13. On August 5, 2005, the DRB denied Plaintiff's appeal and left unchanged the termination decision. Compl. ¶ 16.

On August 18, 2005 - approximately 13 months after Plaintiff was terminated - Plaintiff contacted the FBI's EEO office to complain for the first time that his termination was unlawfully discriminatory. Compl. ¶ 23. On October 5, 2005, Plaintiff filed an EEO complaint. Compl. ¶ 24. After more than 180 days had passed, Plaintiff instituted this action on July 20, 2006 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; see 29 C.F.R. § 1614-407(c) Compl. ¶ 2.

- 2 -

## II.    Standard of Review

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  For purposes of considering the motion, the well-pled factual allegations of the complaint must be presumed true.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see 5A Wright & Miller, Federal Practice and Procedure, ¶ 1357 at 304.  While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldon, 422 U.S. 490, 501 (1975), the Court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's allegations of fact as true, the Court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Ins. Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). Accordingly, the moving party is entitled to dismissal if the complaint does not contain allegations that, even if proven, would provide a basis for recovery.  See Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).  In this Circuit, failure to exhaust administrative remedies under Title VII requires dismissal under Rule 12(b).  See Johnson v. Ashcroft, 445 F. Supp. 2d 45, 51 (D.D.C. 2006); Fowler v. District of Columbia, 122 F. Supp. 2d 37, 39 (D.D.C. 2000).

III.    **Argument**

    A.    **Plaintiff's Admitted Failure To Contact An EEO Counselor Within 45 Days of His Termination Bars His Claim**

A fundamental requirement of every action under Title VII is that a plaintiff, including a federal employee, must exhaust administrative remedies before filing a judicial complaint.  See Brown v. General Services Admin., 425 U.S. 820, 832 (1976); Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996); Artis, 223 F. Supp. 2d at 152.  The EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); see 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity).  Compliance with this requirement is mandatory.  "Complainants must timely exhaust these administrative remedies before bringing their claims to court."  Bowden, 106 F.3d at 437 (internal citations omitted).

The applicable regulation required Plaintiff to contact an agency EEO counselor within 45 days of the termination.  See Harris v. Attorney General of the United States, 400 F. Supp. 2d 24, 26-27 (D.D.C. 2005) (Bates, J.).   According to 29 C.F.R. § 1614.105(a)(1) (2006), a federal employee who believes he has been discriminated against on the basis of, inter alia, race and national origin:

> must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

Here, the Plaintiff was required to contact an EEO counselor within 45 days of the effective date

of the personnel action, which in this case was the termination decision that took effect on July

16, 2004.  Compl. ¶ 9 (plaintiff placed on leave without pay on March 17, 2004 pending the OPR

investigation), 12-13; see Raines v. United States Dep't of Justice, 424 F. Supp. 2d 60, 66

(D.D.C. 2006).   Plaintiff failed to do so since he waited over a year before he first contacted a

counselor on August 18, 2005.  Compl.  ¶ 23.  Plaintiff's untimeliness renders these claims non-

actionable without regard to whether they otherwise might constitute valid claims.  Morgan, 536

U.S. at 113; Bowden, 106 F.3d at 437; Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C.

2000).

       In this Circuit, the administrative filing requirement is not a jurisdictional prerequisite to

a suit in federal court, and is, therefore subject to equitable tolling.  See Washington v.

Washington Metropolitan Area Transit Authority, 160 F. 3d 750, 752 (D.C. Cir. 1998), cert.

denied, 527 U.S. 1038 (1999).  Equitable tolling is only available in "extraordinary and carefully

circumscribed instances."  Smith-Haynie v. District of Columbia, 155 F. 3d 575, 579-80 (D.C.

Cir. 1998); see also Mondy v. Secretary of the Army, 845 F. 2d 1051, 1057 (D.C. Cir. 1988).  A

plaintiff will not be afforded extra time to file an administrative claim without exercising due

diligence, and any excuse presented by the plaintiff must generally be more than a "garden

variety claim of excusable neglect."  Irwin v. Department of Veteran Affairs.  As the Supreme

Court has noted:

        [W]e have allowed equitable tolling in situations where the claimant has actively
        pursued his judicial remedies by filing a defective pleading during the statutory
        period, or where the complainant has been induced or tricked by his adversary's
        misconduct into allowing the filing deadline to pass.  We have generally been

- 5 -

much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. 89, 96 (1990) (footnotes omitted). Thus, equitable principles favor tolling where, for example, a defendant engaged in "affirmative misconduct," Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984), or "misled [a plaintiff] about the running of a limitations period." Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997); see 29 C.F.R. § 1614.105(a)(2).[1]

Plaintiff bears the burden of pleading and proving equitable reasons for tolling the limitations period. Bayer v. United States Department of Treasury, 956 F. 2d 330, 333 (D.C. Cir. 1992) (holding that Title VII plaintiff bears the burden of establishing his entitlement to equitable tolling). See Saltz v. Lehman, 672 F. 2d 207, 209 (D.C. Cir. 1982); Baker v. Henderson. 150 F. Supp. 2d 17, 21 (D.D.C. 2001). Here, plaintiff does not allege, nor can he demonstrate, that the FBI engaged in affirmative misconduct or misled him about the running of the statutory period. See generally Compl. Plaintiff also has not alleged and cannot show that he was prevented from contacting an EEO counselor. Plaintiff's failure to timely contact the EEO office is due solely to his failure to exercise due diligence here because plaintiff, a trained investigator, also cannot show that he did not know or should not have reasonably known that the discriminatory personnel action occurred on July 16, 2004. Plaintiff's Complaint plainly acknowledges that the termination decision he received on July 16, 2004, resulted in his dismissal from the FBI on that

---

[1] 29 C.F.R. § 1614.105(a)(2) provides that the agency shall extend the 45-day time limit if the employee shows that he was not notified of the time limits and was not otherwise aware of them, he did not know or reasonably should not have known that the discriminatory personnel action occurred, or that despite due diligence he was prevented from circumstances beyond his control from contacting the counselor within the time limit.

day.  Compl. ¶ 12.  Further, Plaintiff was already on leave without pay before July 16, 2004.

Compl. ¶ 9.  Finally, and most importantly, plaintiff's Complaint acknowledges that the

termination "is not postponed pending your appeal."  Compl. ¶ 13.  Therefore, because he waited

more than a year from his termination to initiate the EEO process, plaintiff's untimeliness bars

his claim.

### B.    Plaintiff's Internal Appeal Did Not Toll the 45-Day Time Requirement

Although Plaintiff cannot escape the fact that he no longer worked at or was paid by the

FBI after July 16, 2004, Plaintiff's Complaint suggests that the termination decision was

"tentative" and "subject to the exercise of his internal appeal rights."  Compl.  ¶¶ 4, 12.  These

self-serving characterizations are of no moment because there is no doubt that plaintiff's

employment ceased on July 16, 2004.  See Kowal, 16 F.3d at 1276.  Similar arguments about the

supposed non-finality of a discharge were discussed and again rejected in Morgan.  Morgan, 536

U.S. at 111-13.

As a result, any suggestion that the 45-day time limit started to run on August 5, 2005,

which is the date that the DRB rejected Plaintiff's internal appeal, is simply misguided.  Compl.

¶¶ 16, 23.  Courts that have addressed this issue have held that internal or collateral appeals do

not extend the requirement that a federal employee contact an EEO counselor within 45 days of a

termination.  For example, in Smith v. Potter, 445 F.3d 1000, 1001-02 (7th Cir. 2006), a U.S.

Postal Service employee was removed from her position on November 27, 1998.  The

termination notice informed the employee that she had the right to challenge her termination

internally, which plaintiff did.  See id. at 1002-03.  Like Mr. Foster, the employee in Smith failed

to contact a counselor within 45 days of her removal, but rather waited until after her internal

appeal was concluded on June 8, 2001.  See id. at 1004.  The court held that the "limitations period began to run on the effective date of her termination," which was the date the employer gave her unequivocal notice of her removal.  Id. at 1007 & n.19.  The court in Smith explained that "the pendency of a grievance, or some other method of collateral review of an employment decision does not toll the running of the limitations period." Id. at n.19 (quoting Ricks v. Delaware State College, 449 U.S. 250, 261 (1980)); see also Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 234 (1976) (discriminatory act occurred on date of discharge and not at conclusion of grievance arbitration procedure); Gorski v. Lewis University, No. 99C 5244, 1999 WL 1250192, at *5 (N.D. Ill. Dec. 22, 1999) (stating that "the statute of limitations begins to toll when the notice of termination is communicated rather than on the date the appeal is denied").  If the Court allowed the time to start running from the date of the denial of an internal appeal, then employees could nullify the applicable time limits by filing a series of appeals.  See Lever v. Northwestern University, 979 F.2d 552, 556 (7th Cir. 1992), cert. denied, 508 U.S. 951 (1993).

In this case, the FBI unequivocally informed Plaintiff that his termination was "effective upon his receipt of the decisional letter, July 16, 2004."  Compl. ¶ 12; see Capers v. Henderson, 153 F. Supp. 2d 846, 849 (E.D. La. 2001) (finding that an unambiguous termination letter that provided the effective date of removal started the 45-day period in which to contact a counselor, as opposed to the conclusion of an arbitration challenging the termination), aff'd, 31 Fed.Appx. 159, No. 01-30623, 2001 WL 1751433 (5th Cir. Dec. 19, 2001).  Plaintiff admits as much when he alleges affirmatively in the Complaint that the termination was "not postponed pending [] appeal."  Compl. ¶ 13.

- 8 -

Quite apart from the certainty of the facts here, the Supreme Court's decision in <u>Ricks</u>, holding that a plaintiff's Title VII claim was untimely because he did not complain to the EEOC of any unlawful discrimination within the applicable time limit, <u>Ricks</u>, 449 U.S. at 256, is also instructive. The employee in <u>Ricks</u> was denied tenure by the university's board of trustees in March 1974. <u>See</u> <u>id</u>. at 252. The employee filed an internal grievance that was denied in September 1974. The Supreme Court rejected the plaintiff's argument that the time limit did not begin running until September 1974 and explained that consideration of an internal appeal "does not suggest that the earlier decision was in any respect tentative." <u>Id</u>. at 261. The Court further explained that the "grievance procedure, by its nature, is a remedy for a prior decision, not an opportunity to influence that decision before it is made." Id. (emphasis in original). Likewise, the FBI's OPR decision was not in any way tentative since the OPR decision was provided to Plaintiff and termination was imposed on July 16, 2004. Compl. ¶ 12. The DRB's deliberations or conclusions were not used as input for the OPR decision since the OPR decision had already been made.

The denial of plaintiff's appeal to the DRB also does not constitute a separate personnel action that can remedy Plaintiff's failure to contact a counselor within 45 days of the OPR decision. The denial of the appeal by the DRB is not a separate cause of action because that decision is connected directly to the OPR decision. The refusal of an employer to undo an allegedly discriminatory decision "is not a fresh act of discrimination." <u>Lever</u>, 979 F.2d at 556; <u>Gorski v. Lewis University</u>, No. 99C 5244, 1999 WL 1250192, at *5 (N.D. Ill. Dec. 22, 1999) (stating that the denial of an appeal is not a "separate and independent adverse action"). In <u>Lever</u>, the employee was denied tenure by the university's dean and she appealed that decision to the

- 9 -

university's provost as provided in the faculty handbook.  See Lever, 979 F.2d at 553.  The court

affirmed the dismissal of the plaintiff's claim because she failed to file a timely complaint from

the date of the dean's decision.  See id. at 556-57.  The court explained that the internal appeal

did not restart the time for asserting the discrimination claim because the "first decision is

connected to and implies the second," and therefore "a single discriminatory decision is taken."

Id. at 556; see also Soignier v. American Bd. of Plastic Surgery, 92 F.3d 547, 552 (7th Cir. 1996)

(finding that an internal appeal did not constitute new and separate discriminatory acts because

the denial of the appeal was merely part of the alleged harm that "continued to flow" from the

original decision), cert. denied, 519 U.S. 1093 (1997); Rivera v. England, 360 F. Supp. 2d 1104,

1113 (D. Haw. 2005) (holding that plaintiff's internal appeal of an alleged discriminatory

performance evaluation was not a separate action that would restart the 45-day period to contact

an agency counselor).

 Here, the DRB's denial of Plaintiff's appeal does not constitute a separate event for

purposes of exhaustion.  The denial of the Plaintiff's appeal was a direct consequence of the

termination decision on July 16, 2004.  Plaintiff would have had no opportunity to appeal to the

DRB had OPR not first made its decision.  The DRB appeal process simply gave Plaintiff "an

added forum - an opportunity to get two bites at the apple."  Soigner, 92 F.3d at 553.

 Failure to file suit within the time limits proscribed requires dismissal because the time

limits, which serve as the basis for the limited waiver of sovereign immunity in 42 U.S.C. §

2000e-16(c), must be strictly construed.  Brown v. GSA, 425 U.S.. at 835; Irwin v. Department

of Veterans Affairs, 498 U.S. 89, 94 (1990); Carter v. Rubin, 14 F. Supp. 2d 22, 32 (D.D.C.

1998) (holding that federal employees may not file employment discrimination actions outside

applicable time deadlines); see National Passenger R.R. Corp. v. Morgan, 536 U.S. 101, 113 (2002) (invalidating the continuing violation theory and noting that "[e]ach discriminatory act starts a new clock for filing . . .").

Because his claims are forever barred, this case should be dismissed in its entirety. Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C.1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court"), aff'd, 1998 WL 545420 (D.C. Cir. July 20, 1998), cert. denied, 525 U.S. 915 (1998).  Accordingly, the Court should grant defendant's motion in light of plaintiff's patent and incurable failure to exhaust administrative remedies in a timely fashion.

## Conclusion

Because Plaintiff failed to timely exhaust his administrative remedies and because he cannot demonstrate that Title VII's exhaustion requirements should be waived under the facts of this case, defendant's motion should be granted and this case should be dismissed.

Dated: November 6, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

- 11 -

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161