IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL FOSTER,<br><br>      Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, in his official<br>   capacity as ATTORNEY GENERAL OF THE<br>   UNITED STATES,<br><br>      Defendant. | Civil Action No.:<br>06-1288 (JDB) |

**AFFIDAVIT OF PLAINTIFF, DANIEL FOSTER**

1. I, Daniel Foster, am currently employed as a Loss Prevention Supervisor by J.C. Penney Corporation in Plantation, FL. I was employed as a Special Agent with the FBI from March 1996 until terminated effective July 16, 2004, subject to the exercise of my internal appeal rights.

2. I have reviewed Defendant's Motion to Dismiss, arguing for dismissal because I failed to notify an EEO counselor within 45 days of receiving the FBI's letter of termination, dated July 7, 2004 and received July 16, 2004. I understand this 45-day time limit appears in the regulations of the Equal Employment Opportunity Commission at 29 CFR § 1614.105.

3. I did not become aware of the 45-day time frame for initiating my EEO complaint until shortly after August 13, 2005, the date when I received a letter, dated August 5, 2005, from the Acting Director of the Administrative Services Division of the FBI informing me the FBI had denied my appeal, thus upholding my dismissal from the FBI. At that point, I consulted with legal counsel, the same

counsel who represents me in these proceedings, about my EEO rights. He advised me of the 45-day requirement. Promptly, on August 18, 2005, I contacted the FBI's EEO officer in Miami to complain about the race and national-origin based discrimination responsible for the FBI's actions to dismiss me.

4. The reasons for my lack of knowledge about this 45-day time limit are several. First, I have had no formal or even informal training in the EEO process, much less the 45-day time limit. I have never filed an EEO complaint before the one that is the subject of the court action here.

5. Second, I was not otherwise exposed to the EEO rules during my tenure with the FBI, beginning in 1996 in Chicago, then in San Juan, PR, and culminating with my time spent in Miami when I was terminated in July 2004. During my FBI career, I did not see, to the best of my recollection, any posted information, handbooks, or videos describing the EEO process and specifically not the 45-day time limit for bringing complaints to the attention of EEO officers of my agency.

6. From 1996 through mid 1998, I was stationed in two separate offices in the Chicago area, one in the Dearborn building downtown and the other in the Rolling Meadows RA office. From 1998 through the summer of 2001, my office was on the fourth and fifth floors of the Federal Building in San Juan. At none of these office locations did I see at any time any EEO information, at least none visible to me, posted in my office or in the common areas where Special Agents would on occasion gather. When I was transferred from San Juan to Miami in the summer of 2001, I worked on the first and second floors of the FBI Building in Miami and did not see posted there, certainly not in those areas I frequented, any

material, specially none referencing the 45-day time limit upon which the Defendant's Motion to Dismiss relies.

7. Third, during the critical time frame, from July 2004 through July 2005, I had no attorneys advising me. My appeal of the decision I received on July 16, 2004, I prepared myself without advice of or consulting with legal counsel. I had dismissed my original attorney about one month earlier and did not retain new counsel until just prior to the time the FBI issued its letter denying my appeal in August 2005.

8. Fourth, the FBI, in its decision dated July 7, 2004, received July 16, 2004, advising me of my dismissal from the FBI, made no mention whatsoever of my EEO rights. The only information it provided me was about my right to file an appeal of the dismissal with the FBI's Assistant Director, Administrative Services Division. A copy of the FBI's dismissal decision is attached to my affidavit. See specifically pages 16 and 17 of that decision. I received no other information from the FBI either prior or subsequent to that July 16, 2004 decision informing me of my rights under the EEO laws or of any deadline for me to contact the EEO office of the FBI to initiate an EEO complaint concerning my dismissal.

9. In sum, I was not notified of the 45-day deadline for contacting the EEO counselor or otherwise aware of it. I believe, under the circumstances described in this affidavit, it is unfair and inequitable to hold me legally responsible for contacting the EEO counselor within 45 days after receiving the FBI decision on July 16, 2004.

I solemnly affirm, under penalty of perjury, that the contents of the foregoing affidavit are true and correct to the best of my personal knowledge, information, and belief.

_11/18/06_
Date

_Daniel Foster_
Daniel ~~Foster~~

State of Florida
~~Dade~~ County
Broward

Subscribed and sworn to before me, by Daniel Foster, this 18 day of November, 2006 before the undersigned officer.

_Evelyn Robles_
Notary Public

_June 29, 2010_
My Commission Expires



EVELYN ROBLES
MY COMMISSION # DD 569467
EXPIRES: June 29, 2010
Bonded Thru Notary Public Underwriters

-4-