UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL FOSTER, )
)
Plaintiff, )
)
v. ) Civil Action No. 06-1288 (JDB)
) ECF
)
ALBERTO GONZALES )
Attorney General of the United States, )
)
Defendant. )

**DECLARATION OF MARIAN E. COLEMAN**

I, MARIAN E. COLEMAN, declare that:

1. I am an employee of the Federal Bureau of Investigation ("FBI"). I have been an employee of the FBI since 1991. I am currently an Instructor of Communications in the Training and Development Division in Quantico, Virginia.

2. This declaration is submitted in support of the Defendant's Reply in Support of Its Motion to Dismiss in the above-referenced matter.

3. In 1996, I held the position of Training Technician in the Office of Equal Employment Opportunity Affairs in Quantico, Virginia. In that capacity, my responsibilities included coordination of training and administrative support to the EEO training officer.

4. During New Agents Training, New Agent Trainees are provided information on the FBI's EEO program, process, and guidelines, including the requirement to contact an EEO counselor within 45 days of an alleged discriminatory event. This information is provided to all New Agent Trainees, including those New Agent Trainees who entered on duty in 1996.

5. The attached document is a true and authentic copy of the list of New Agent Trainees for Class 96-11 who attended EEO training during New Agents Training beginning on April 1, 1996. The document indicates that Daniel Foster placed his initials on the list as an attendee. By initialing the list, the New Agent Trainees also acknowledged receipt of a document that describes EEO rights and responsibilities, including the requirement to contact an EEO counselor within 45 days of an alleged discriminatory action. Attached to this declaration is a true and authentic copy of the document provided to the attendees.

I declare under penalty of perjury that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 9, 2007, Quantico, Virginia

*Marian E. Coleman*
_____
MARIAN E. COLEMAN

Revised Tentative Roster
5/96

# NEW AGENTS' CLASS '96-11
## 4/1/96 - 7/16/96

*Jim Kavina*
*EEO*

| | | PROCESSING OFFICE |
|---|---|---|
| Abbate, Paul M. | | New Haven |
| **Amerena, Rosemary** | (f) | **El Paso** |
| Baker, Kenneth R. | | Minneapolis |
| Bourgeois, Benedict B. | | Albuquerque |
| Brogan, Michael S. | | San Antonio |
| Buechner, Christopher L. | | Denver |
| Burtis, Haney G., Jr. | | San Diego |
| Chase, Erkan A. | | New York |
| **Cid, Karen Leigh** | (f) | **Minneapolis** |
| DeSantis, Robert V. | | Albany |
| Dixion, William, Jr. | | San Diego |
| Donohoe, Michael J. | | WMFO |
| Eisenberg, Justin | | Los Angeles |
| Farrar, Aubrey B., Sr. | | Baltimore |
| Flaherty, Francis X., Jr. | | New Haven |
| Foster, Daniel | | Miami |
| Foster, Robert T. | | Phoenix |
| Graham, Kraig R. | (A) | Denver |
| Guidry, Kevin G. | | Louisville |
| Hiney, Jason C. | | New York |
| Imes, Marc B. | | Tampa |
| Kohler, Alan E., Jr. | | Newark |
| Kramer, Jody J. | | Memphis |
| Manns, Nicholas J. | | Springfield |
| Martinez, Michael | | San Antonio |
| McCall, Daniel K. | | Jacksonville |
| Olson, Scott W. | | Seattle |
| Roth, Robert M. | | WMFO |
| Sell, Charles F. A., III | | WMFO |
| Selton, Philip A. | | Newark |
| **Sevin, Kimberly J. L.** | (S)(f) | **WMFO** |
| Smith, Christopher J. | | Springfield |
| Subias, E. Jose | (A) | Miami |
| Sweeney, Christopher S. | | New Orleans |
| Teasdale, Robert L. | (A) | Las Vegas |
| Wade, Terry | | Oklahoma City |
| Wall, Kenneth J. | | Tampa |
| **Walsh, Linda K.** | (f) | **Albany** |
| Watson, Paul E. | | Louisville |
| Wixted, Leo A. | | Albuquerque |
| **Wright, K. A.** | (f) | **Norfolk** |
| Young, Andrew R. | | Philadelphia |

Total: 42         Staff Counselor:  Jacqueline S. Carrico
Room: 212         Field Counselors: Kimberly McAllister
                                    Dale L. Miskell

Baugh, Ronald W. - Resignation: 5 p.m., 4/4/96 (personal)
Bentley, David A. - Resigned from NAT: 5 p.m., 4/4/96. (deadly force)
                  - Reassigned to support position - (Tucson RA):
                    8 a.m., 4/8/96.
Turgal, James L., Jr. - Recycled to SATU, 8 a.m., 4/4/96 (PT)

BY MY INITIALS I ACKNOWLEDGE RECEIPT OF ALL EMPLOYEE MEMO DATED



U.S. Department of Justice

Federal Bureau of Investigation

11-95

Washington, D.C. 20535

November 2, 1995

MEMORANDUM TO ALL EMPLOYEES

RE:  EQUAL EMPLOYMENT OPPORTUNITY (EEO) MATTERS -
     RIGHTS AND RESPONSIBILITIES

The purpose of this communication is to remind all FBI employees of their rights and responsibilities with regard to EEO-related matters.

INITIAL TIME LIMITS

In the event that any applicant, current employee, or former employee believes that he/she has been discriminated against on the basis of race, sex, national origin, color, religion, age, disability, or in retaliation for involvement in Title VII protected activities, the aggrieved person has the right and responsibility to contact an EEO Counselor <u>within 45 days from the date of the matter alleged to be discriminatory, within 45 days of the date the person knew or reasonably should have known that the matter occurred, or, in the case of a personnel action, within 45 days of the effective date of the action</u>. This time limit is set forth in Title 29, Code of Federal Regulations, Part 1614, which outlines the procedures which all federal agencies are required to follow. If the aggrieved person is alleging a continuing violation, meaning a series of discriminatory incidents which have occurred over a period of time, at least one of the acts must have occurred within the 45-day time limit. If contact with the EEO Counselor occurs outside the 45-day limit, the Counselor will proceed with an attempt to resolve the matter informally, but the aggrieved person must be able to fully articulate to the Counselor the reason(s) why contact was not made sooner.

MEMORANDUM TO ALL EMPLOYEES 11-95

It is important to understand that aggrieved persons cannot delay contacting an EEO Counselor until they are certain that an action was discriminatory, or until records are obtained or other administrative grievances are resolved, such as appeals of performance appraisals or promotions. Further, the 45-day time limit **cannot** be tolled or waived by aggrieved persons, EEO Counselors or FBI Managers. Matters of timeliness are decided by the FBI's Office of Equal Employment Opportunity Affairs (OEEOA) and/or the Department of Justice (DOJ) EEO Staff.

INFORMAL COUNSELING PHASE

The purpose of the informal counseling phase of the EEO process is to resolve matters of perceived discrimination without the necessity of filing a formal EEO complaint. During this phase, it is the responsibility of the EEO Counselor to informally contact the parties involved, discuss the area(s) of concern, and attempt to resolve the matter to the satisfaction of all parties. Such resolutions are limited to actions which are within the authority of the parties involved. A verbal apology, a no-cost intraoffice transfer, or a scheduling change are examples of resolutions which are within the authority of the involved parties. Promotions, interdivisional transfers, or compensatory damages are examples of remedies which are only available if there is a finding of discrimination or a settlement pursuant to a formal complaint being filed.

If an aggrieved person is seeking disciplinary action against another individual such as demotion or dismissal, it is important to understand that such actions are not considered "make-whole" remedies for the aggrieved person. Punitive actions require a finding of misconduct which can be found only through the Administrative Summary Unit's adjudication of an Office of Professional Responsibility (OPR) investigation, or a finding of discrimination subsequent to the filing of a formal EEO complaint.

The informal counseling phase normally lasts up to 30 days, unless the aggrieved person agrees in writing to extend it for up to 60 additional days. If the aggrieved person is unable to resolve the matter to his/her satisfaction during the counseling phase, the EEO Counselor will furnish the aggrieved a "Notice Of Right To File A Complaint" form as well as the Complaint form, which instructs the person that if he/she elects to file such a complaint, he/she **must** do so within **15 days** of

receipt of that form. This time limit, too, cannot be waived or tolled by an aggrieved person, EEO Counselor or FBI Manager. Complaints are filed with the FBI's EEO Officer who is located in the OEEOA; however, they may be filed with the Director or Division Head, as well as the DOJ EEO Staff. It is strongly recommended that a copy of the complaint be directed to the OEEOA if it is being filed with any entity other than the FBI's EEO Officer as the OEEOA is responsible for processing complaints. Submission by certified mail is also recommended to provide proof of the filing date.

FORMAL COMPLAINT PHASE

Once a formal complaint of discrimination has been filed, Part 1614 requires that the processing of that complaint be completed within 180 days of the filing date. There are certain circumstances where this time limit can be extended; however, the OEEOA makes every attempt to complete the processing within 180 days.

During this phase, the OEEOA reviews the complaint and the related report of the EEO Counselor to determine whether it should be accepted for investigation or dismissed (in whole or in part) pursuant to specific procedural bars. Part 1614 requires certain events to have occurred before the OEEOA can accept a complaint for investigation. For example, the matter complained of must have occurred within 45 days of the initial contact with the EEO Counselor, it must have been discussed with the Counselor during the informal phase, and the complaint must have been filed within the required 15 days of the Complainant's receipt of the "Notice Of Right To File" form. If these events did not occur, the OEEOA will forward the complaint to the DOJ EEO Staff with a recommendation that it be dismissed. Other causes for dismissal include failure to state a claim, proposed or preliminary personnel actions, or complaining about the same matter that was raised in a prior complaint or which is part of a civil action pending before a U.S. District Court.

Unless the entire complaint is dismissed, the OEEOA will determine the accepted bases and issues to be investigated. A formal investigation will then be conducted by an EEO Investigator, who is a Relief Supervisory Special Agent specifically trained in EEO matters. The Investigator will take signed, sworn statements from all parties <u>having relevant information to the accepted bases and issues</u>, and review

pertinent records including personnel files, OPR files, Career Board records, etc. Matters falling outside the accepted bases and issues will not be investigated. Once the investigation is completed, the Complainant will receive a copy of the Report of Investigation (ROI) after it has been reviewed for any classified, sensitive or Privacy Act material. Following a review of the Report, the Complainant must then elect to either: 1) have a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge who will issue findings of fact and conclusions of law on the merits of the complaint which will be forwarded to the DOJ Complaint Adjudication Officer (CAO) for a Final Agency Decision (FAD), 2) have an FAD rendered by the CAO without a hearing, or 3) withdraw the complaint.

Following the completion of the ROI (though not part of the regulations), another attempt to resolve the matter with the Complainant will be made through the Personnel Division's Office of Personnel Dispute Resolution and a Management Official at FBIHQ. Discussions may continue up to the time that an FAD is rendered by the CAO, or until the complainant requests a hearing before an Administrative Judge. If a resolution is reached, no further action relative to the complaint is taken.

APPEALS

Throughout the formal EEO process, Complainants have the right to appeal any decision that is rendered by the DOJ. For instance, Complainants are afforded the opportunity to request that the OEEOA reconsider its decision to request DOJ dismissal of all or some of the issues and bases of their complaint. If the OEEOA's position is ultimately upheld by the DOJ EEO Staff, the Complainant has the right to formally appeal the DOJ's decision to the EEOC. All further decisions, to include the FAD, are appealable to the EEOC. The time limit for filing such appeals is within 30 days of the receipt by the Complainant of the written dismissal or FAD.

SEXUAL HARASSMENT

The FBI's Sexual Harassment Policy can be found in the Manual of Administrative Operations and Procedures, Part I, Section 1-2.1. Sexual harassment is a violation of Title VII, and is defined by the EEOC as follows:

"Unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature constitute sexual harassment when: (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment."

In addition to being a form of sex discrimination which may fall within the EEO Process, sexual harassment is considered serious misconduct. Serious misconduct is defined as conduct which has a significant adverse impact on the FBI and may include possible violations of administrative policy as well as potential criminal activity. Therefore, sexual harassment also falls under the purview of the OPR.

Based on a mandate from the Attorney General, the Informal Resolution Process (IRP) has been instituted as an alternate method by which to address allegations of sexual harassment. It is separate and apart from the EEO and OPR processes, although the three are not mutually exclusive.

In the event that an employee believes that he/she has been a victim of sexual harassment <u>in any form</u>, he/she should contact an IRP Facilitator at the earliest possible time after the incident has occurred. The Facilitator is the best source of information regarding the options available to such aggrieved employees. While there is no time limit for filing a complaint within the IRP or OPR, it is imperative that all employees are aware that these processes are most effective when such incidents are immediately brought to the attention of management. Delays can affect the availability of pertinent evidence, documentation or possible avenues of recourse. <u>The initial time limit of 45 days to contact an EEO Counselor remains applicable whether or not the IRP or OPR processes are utilized.</u> The IRP, OPR, and EEO processes can be utilized simultaneously.

11-2-95
MEMORANDUM TO ALL EMPLOYEES 11-95

5

## REPRISAL

Employees should be aware that in order to file an EEO complaint on the basis of reprisal (retaliation), one has to have been previously involved in Title VII activities. Openly supporting groups or individuals who invoke the EEO process as a means of eliminating unlawful discriminatory conduct; participating in the EEO process as an aggrieved person, EEO Counselor, Complainant, witness, or EEO Investigator; and bringing unlawful discriminatory conduct to the attention of management are examples of such protected activity. Claims of reprisal for any reason other than Title VII protected activities will be referred to the DOJ EEO Staff for dismissal, and the OPR, if appropriate.

## CIVIL ACTIONS

Complainants have the right to file a civil action in an appropriate U.S. District Court in the following instances:

-- within 90 days of receipt of an FAD decision if no appeal has been filed, or

-- within 90 days of receipt of the EEOC's final decision on an appeal, or

-- after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission, or

-- after 180 days from the date of the filing of the complaint if an appeal has not been filed and an FAD has not been issued.

## CLASS COMPLAINTS

A class is a group of employees, former employees, or applicants for employment who believe that they have been or are being adversely affected by an agency personnel action or practice that discriminates on the basis of any Title VII protected activity. A class complaint is filed by an agent of the class alleging that the class is so numerous that a consolidated complaint of the class members is impractical, that there are questions of fact common to the class, and that the

MEMORANDUM TO ALL EMPLOYEES

claims of the agent of the class are typical of the claims of the class. The agent of the class is a class member who acts on behalf of the class during the informal and formal stages of the complaint process. As required for all individual complaints, the agent of a class complaint <u>must</u> first seek counseling in an effort to resolve the matters in question. At the conclusion of this counseling phase, if no resolution is reached, the agent may file a class complaint with the OEEOA within 15 days of the receipt of the "Notice of Right to File a Class Complaint" form.

## MIXED CASE COMPLAINTS

Mixed case complaints are matters arising from personnel actions which may be appealable to the Merit Systems Protection Board (MSPB) and which also raise allegations of discrimination based on Title VII activity.

Only FBI employees having military veteran's status (i.e., preference eligible) have standing to appeal to the MSPB in most of the applicable adverse actions provided they have one or more years of current continuous service. Appealable adverse actions include but are not limited to removal, reduction in grade, suspension for more than 14 days, or furlough. In addition, <u>any</u> FBI employee, regardless of military veteran's status, whose Within-Grade Increase is denied has the right to appeal to the MSPB.

## COOPERATION

EEO investigations are considered administrative inquiries and <u>all employees are required to cooperate</u>. It is the responsibility of the Complainant to fully cooperate in the prosecution of his/her complaint. If a Complainant fails to cooperate, the OEEOA will refer the complaint to the DOJ EEO Staff for dismissal. Witnesses who fail to cooperate may be subject to disciplinary action. It is important to note that the adjudicator of the complaint may draw an adverse inference from that refusal and find that discrimination did occur.

7

All FBI Managers have the responsibility to cooperate with the EEO process by maintaining a discrimination free working environment, making all records available to EEO Counselors and Investigators, and by ensuring that employees may utilize the EEO process without fear of reprisal. This is reflected in the critical elements of managers' performance plans.

## DISCLOSURE OF INFORMATION

At all stages of the EEO process, it is the responsibility of the aggrieved person/Complainant to refrain from unauthorized disclosures. The OEEOA has designed a four-page document entitled "Prohibited Communications" describing what can and cannot be discussed with individuals outside the FBI. At the informal counseling phase, aggrieved persons are presented this form and are now required to initial the original indicating that they have received it. During the formal phase, Complainants are, again, provided a copy of that form when receiving copies of their complaint and the Report of Counseling. It is required that instances of unauthorized disclosure which are discovered during the course of the EEO process be referred to OPR and/or the Personnel Security Unit for appropriate action.

## RIGHT TO REPRESENTATION AND ADMINISTRATIVE LEAVE

Throughout the EEO process, aggrieved persons are entitled to legal representation. Caution should be exercised, however, in the information being provided to this representative to prevent any unauthorized disclosures. Aggrieved employees are also entitled to a **reasonable** amount of official time to present their complaint and respond to agency requests. Complainants who need official time off from their job responsibilities should contact the OEEOA for instructions as to how such time can be granted.

Each FBI Field Office or Division is required to have EEO Counselors and IRP Facilitators available, with their identities posted throughout the office. Any questions concerning the EEO process should be directed to these individuals, Division management, or the OEEOA, FBIHQ, extension 4128. For more detailed information on the IRP, see the Memorandum to All Employees (9-93) dated November 2, 1993, or contact the Ombudsman at FBIHQ, extension 2156.

Louis J. Freeh
Director

11-2-95
MEMORANDUM TO ALL EMPLOYEES 11-95

8