IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL FOSTER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ALBERTO R. GONZALES, in his official** )<br>capacity as **ATTORNEY GENERAL OF THE** )<br>**UNITED STATES,** )<br>)<br>Defendant. )<br>) | **Civil Action No.:**<br>**06-1288 (JDB)** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO FILE
A SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Daniel Foster moves this Court for permission to file a Surreply in further opposition to Defendant's Motion to Dismiss, replying in effect to Defendant's Reply in Support of Its Motion to Dismiss ("Def. Reply"), filed January 9, 2007. The Surreply is attached to this Motion as Exhibit 1. In the event the Court declines to permit the Surreply, Plaintiff requests it accept Exhibit 1 as Plaintiff's Supplemental Opposition to Defendant's Motion to Dismiss.

The tendered Surreply is offered to address two related assertions in Defendant's Reply. Defendant would have this Court ignore as "a self-serving characterization" and as "simply inaccurate" Mr. Foster's contention that the July 7, 2004 letter from the FBI advising him of the termination of his employment was not a final determination of his dismissal from the FBI. Def. Reply at 3, 4. The Surreply brings to the Court's attention newly obtained material pertinent to the

conflicting allegations of the parties regarding the competing finality status of the July 7, 2004 letter and the August 5, 2005 decision of the Disciplinary Review Board ("DRB"), denying the appeal of Daniel Foster.

The newly obtained materials, specifically, pertinent provisions of the "FBI Manual of Administrative Operations and Procedures" ("MAOP"), are attached to the proffered Surreply as Appendix B. They did not become available to Plaintiff or Plaintiff's counsel until December 11, 2006, the date Plaintiff (and Plaintiff's counsel) received from the FBI excerpts from the MAOP as an exhibit to the FBI's Investigative Report, reporting on its investigation of Mr. Foster's EEO complaint, filed originally with the FBI on October 5, 2005. *See* attached Declaration of Daniel Foster, Exhibit 2 to this Motion. Mr. Foster had no access to the MAOP once he was suspended from the FBI in July 2004 and has never seen these MAOP excerpts prior to receiving them from the FBI on or about December 11, 2006. *Id.*

On their surface, the pertinent MAOP pages refute Defendant's assertions in its Reply that Plaintiff's claim of non-finality, with respect to the July 7, 2004 letter, is merely a "self-serving characterization" and "simply inaccurate." As explained in more detail in the Surreply, the MAOP excerpts appended to the EEO Investigative Report of the FBI confirm that internally the FBI does not consider a timely-appealed decision or notice to remove a non-SES employee such as Mr. Foster, or to suspend him/her for more than 14 days, a "final" disciplinary action until the DRB issues its decision acting upon that appeal.

In sum, the attached (to the Surreply) MAOP pages establish that Mr. Foster's contention does not rest upon a "self-serving" or "inaccurate" characterization of the July 7, 2004 letter advising Mr. Foster of his termination, but now rests upon the FBI's own characterization and internal treatment of the ensuing appeal, etched in stone in its own rules regarding the finality of the DRB decision disposing of the appeal.

The Surreply proffered by Plaintiff as <u>Exhibit 1</u> to this Motion is brief, consisting of only 4 pages, and attempts to address the confusion Defendant creates when demeaning Mr. Foster's claim regarding the finality of the DRB decision as merely a self-serving and inaccurate characterization.  Further, accepting Plaintiff's Surreply causes no harm to Defendant, other than that reasonably expected from a clarification of the issues raised.  Counsel for Defendant has been contacted concerning this Motion and has been furnished a courtesy copy, in draft form, for her review.  At the time of filing this Motion with the Court, she has not indicated Defendant's position on the Motion or the relief it seeks.

This Court has authority, pursuant to Fed. R. Civ. P. 16, to manage the proceedings before it and in doing so has the discretion to accept this Surreply to clarify the issue Mr. Foster pursues in this Court regarding which decision of the FBI, its letter of July 7, 2004 or the DRB's decision of August 5, 2005, triggers the 45-day period within which Mr. Foster must contact an EEO counselor.

If this Court concludes Plaintiff has not shown sufficient justification for the acceptance of his Surreply under the standard for surreplies, *e.g., Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D. Cir. 1998), Plaintiff respectfully moves this Court to accept the proffered Surreply, <u>Exhibit 1</u>, as his Supplement Opposition to Defendant's Motion to Dismiss. This Court has authority under Fed. R. Civ. P. 15(d) to permit Plaintiff to supplement his original Opposition to take into account newly acquired evidence or material bearing upon the issues raised in Defendant's Motion to Dismiss. *See Banks v. York*, 448 F.Supp.2d 213, 214 (D.D.C. 2006). Plaintiff has no objection to Defendant filing a reply to his Supplemental Opposition.

Respectfully submitted,

_____/s/_____

| | |
|---|---|
| Dated and Filed:<br>January 18, 2007 | KIM D. MANN, D.C. Bar # 81471<br>SCOPELITIS, GARVIN, LIGHT & HANSON, P.C.<br>1850 M Street, N.W., Suite 280<br>Washington, DC 20036-5804<br>(202) 783-9222<br>(202) 783-9230 (fax)<br><br>**Attorney for Plaintiff**<br>**Daniel Foster** |

-4-