OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY AFFAIRS
FEDERAL BUREAU OF INVESTIGATION
WASHINGTON, D.C.


DANIEL FOSTER
COMPLAINT OF DISCRIMINATION
BASED ON RACE (HISPANIC),
NATIONAL ORIGIN (PERUVIAN)
FILE NUMBER:   F-06-6076
FILED: OCTOBER 5, 2005 (POSTMARK)

VOLUME 1 OF 2


INVESTIGATIVE REPORT OF
SUPERVISORY SPECIAL AGENT GARY W. LUDWICK
FEDERAL BUREAU OF INVESTIGATION
LOUISVILLE, KY

## INVESTIGATIVE SUMMARY

DANIEL FOSTER

COMPLAINT OF EMPLOYMENT DISCRIMINATION

F-06-6076

### DESCRIPTION OF COMPLAINT

Daniel Foster, Complainant, advised that he believes he was discriminated against by members of an FBIHQ Disciplinary Review Board when they voted to uphold a previous decision to dismiss him from the FBI.

### ACCEPTED ISSUE FOR INVESTIGATION

By letter from the FBI Equal Employment Opportunity Officer, Complainant was advised that accepted for investigation was the following allegation: Whether he was discriminated against based on his race (Hispanic) and his national origin (Peruvian) when on August 13, 2005, he received a letter advising that his appeal of his July 17, 2004, termination was denied.

### CORRECTIVE ACTION SOUGHT

Complainant seeks the following corrective actions:

1. Immediate reinstatement in the FBI, retroactive to the effective date of his removal,

recommended for similar infractions. Ex. 28.

Also included with this report is FBI Manual of Administrative Operations and Procedures (MAOP) Part 1, Section 13 DISCIPLINARY MATTERS which describes the FBI disciplinary policy. Ex. 29. Chapter 13-13(4) describes the DRB process. Ex. 29. The non-voting member of the DRB is described in a communication dated May 12, 2003, titled APPELLATE UNIT, DISCIPLINARY REVIEW BOARD. Ex. 30.

MAOP Section 13-1(1) states that it is imperative that a policy of tight discipline by applied to the FBI. Ex. 29. Section 13-2(1) notes that all allegations of employee misconduct, criminality or serious misconduct must be reported to FBIHQ, OPR. Ex. 29.

Section 13-13 states that final determination of the appropriate disciplinary action warranted in each case will usually be made by FBIHQ. Ex. 29. It further states that a non-SES (Senior Executive Service) employee appealing an adverse disciplinary action, including dismissal, may file an appeal in writing stating the grounds, and the AD, ASD will establish a DRB to review the action. Ex. 29.

The composition and operation of the DRB is described in Section 13-13(4). Ex. 29. A DRB is composed of three voting members, each of whom is a member of the FBI SES, and the DRB is chaired by the AD, ASD. Ex. 29. One member of the DRB can be selected by the non-SES employee, who appealed the dismissal,

from a listing of eligible SES staff provided by FBIHQ. Ex. 29. The third member of the DRB is randomly selected. Ex. 29. The DRB reviews the issues presented and the documentary evidence, reaches a decision in the review of the appeal and provides the employee with a written decision. Ex. 29. Section 13-13(5)(f) states that the decision of a DRB, concerning the merits of an appeal involving non-SES employees, will constitute the final decision of the FBI concerning the appropriateness of the disciplinary sanction in the matter under appeal. Ex. 29. Document entitled, "AGENT SEPARATIONS BETWEEN 10/01/2003 - TO 10/31/2005 SORTED BY SEX, NAME AND EFFECTIVE DATE" list comparative information regarding the gender, race, and national origin of all Special Agents who were terminated from employment due to misconduct or as discipline during 2004 and 2005.