**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DANIEL FOSTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | **06-1288 (JDB)** |
| **ALBERTO R. GONZALES, in his official** ) | |
| **capacity as ATTORNEY GENERAL OF THE** ) | |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS OR, ALTERNATIVELY,
### SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Daniel Foster ("Plaintiff" or "Mr. Foster") submits his Surreply In Opposition to Defendant's Motion to Dismiss Or, Alternatively, Supplemental Opposition to Defendant's Motion to Dismiss.

### ARGUMENT

In its Reply In Support of Its Motion To Dismiss ("Def. Reply"), Defendant attacks Plaintiff for characterizing the FBI letter, dated July 7, 2004, notifying him of his dismissal from the FBI, as non-final. The Reply labels this characterization as "self-serving" and as "simply inaccurate." Def. Reply at 3, 4. The attack upon Mr. Foster's treatment of the letter stems from Mr. Foster's reference in his Opposition to the Motion to Dismiss ("Plt. Opp.") to and reliance upon the FBI's statement of his appeal rights contained in its July 7,

2004 letter.  Specifically, Mr. Foster referred to and relied upon language from the letter that states, "In exercising the power of authority, ASD and DRB [Disciplinary Review Board] may independently redetermine the factual findings and/or the penalty imposed."  Plt. Opp. at 13-14.  This limited language stops short of using the word "final" to describe the DRB's ultimate decision.  Defendant takes Plaintiff to task for relying upon this admittedly limited language to bolster his claim that the subsequent decision of the DRB on October 5, 2005, denying the appeal, is the "final determination" for purposes of complying with the 45-day rule on contacting the EEO counselor.

At the time Plaintiff filed his Opposition, December 4, 2006, Plaintiff did not have access to the FBI's internal directives for processing disciplinary actions.  Those FBI procedures are, Plaintiff has subsequently discovered, set forth in a voluminous document titled, "FBI Manual of Administrative Operations and Procedures," referred to within the FBI as "MAOP," and they dispel any doubt about which decision, the July 7, 2004 letter or the August 5, 2005 DRB decision, is the final determination of Mr. Foster's dismissal from the FBI.

As stated in Plaintiff's accompanying motion for leave to file this Surreply, Plaintiff and Plaintiff's counsel did not gain access to the FBI's MAOP until December 11, 2006, subsequent to filing the Opposition.  On or about that date, Plaintiff and Plaintiff's counsel received from the FBI's Office of Equal Employment Opportunity Affairs a two-volume Investigative Report, containing the fruits of the FBI's investigation of Mr. Foster's EEO complaint, filed with the FBI on October 5, 2005, and a series of relevant documents.  Pages 10 and 11 of the Investigative Summary accompanying the Investigative Report refer to and briefly describe critical sections of the MAOP, namely Part 1, Section 13.

-2-

DISCIPLINARY MATTERS, describing the FBI's disciplinary policy, appended to the Investigative Report as Exhibit 29. Pertinent pages of the Investigative Summary (the cover page, the first page, and pages 10 and 11) are attached to this Surreply as Appendix A.

As noted on page 11 of the Investigative Summary, "Section 13-13(5)(f) states that the decision of the DRB, concerning the merits of an appeal involving non-SES employees [such as Mr. Foster], will constitute the final decision of the FBI concerning the appropriateness of the disciplinary action in the matter under appeal." Indeed, an examination of Exhibit 29 to the Investigative Report confirms the accuracy of the Investigative Summary's description. There, paragraph 5(f) of Section 13-13 of the MAOP states:

> (f) the decision of the INSD or of a DRB concerning the merits of an appeal involving a non-SES employee will constitute the final decision of the FBI concerning the appropriateness of the disciplinary action in the matter under appeal.

*See* pertinent pages of the MAOP, Part 1, Section 13. DISCIPLINARY MATTERS (the first page of that Section and pages 15 and 16), attached hereto as Appendix B.

The attached materials, Appendices A and B, establish that a decision of the DRB, in responding to a timely filed appeal, goes beyond simply presenting the possibility of a "independently redetermin[ation of] the factual findings and/or the penalty imposed," as stated in the FBI's letter of July 7, 2004. That DRB decision becomes the final determination of the FBI, in fact the "final decision" of the FBI, "concerning the appropriateness of the disciplinary sanction that is the subject of the appeal." *See* Appendix B at 15-16.

These new materials, <u>Appendices A</u> and <u>B</u>, provide compelling evidence that the original FBI announcement to terminate Mr. Foster, the letter of July 7, 2004, did not become a final determination or a final decision of termination once Mr. Foster exercised his appeal rights afforded him by that letter as well as by the internal procedures of the FBI and he filed a timely appeal to the DRB. While an FBI employee who receives a notice of termination, similar to the one Mr. Foster received dated July 7, 2004, may be required to treat that notice as a "final decision" if that employee elects not to exercise his internal appeal rights, Mr. Foster is not such a person. He elected to exercise those appeal rights, he did so in a timely fashion, and he received on October 5, 2005 what the FBI's own Administrative Operations and Procedures directive labels a final decision. Mr. Foster contacted his EEO counselor within 45 days of receiving the DRB decision, a fact Defendant readily admits.

If the Court concludes it must deny Plaintiff's motion for leave to file the Surreply because of the failure to satisfy the standards for its acceptance under the rules and judicial precedent of this Court, Plaintiff respectfully requests the Court to treat this Surreply as his Supplemental Opposition to Defendant's Motion to Dismiss. The materials attached as <u>Appendices A</u> and <u>B</u> were not available and did not become available to Plaintiff until December 11, 2006, after he filed his original Opposition. These circumstances justify the Court exercising its discretion to accept this pleading as Supplemental Opposition pursuant to Fed. R. Civ. P. 15(b) and the authority of such cases as *Banks v. York*, 448 F.Supp.2d 213, 214 (D.D.C. 2006).

For these reasons and for the reasons set forth in Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiff respectfully requests the Court to deny Defendant's Motion to Dismiss.

Respectfully submitted,

_____/s/_____

Dated and Filed:
January 18, 2007

KIM D. MANN, D.C. Bar # 81471
SCOPELITIS, GARVIN, LIGHT & HANSON, P.C.
1850 M Street, N.W., Suite 280
Washington, DC 20036-5804
(202) 783-9222
(202) 783-9230 (fax)

Attorney for Plaintiff
Daniel Foster