UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL FOSTER, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 06-1288 (JDB) |
| | ) ECF |
| ALBERTO GONZALES, Attorney General, | ) |
|       Defendant. | ) |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S SUR-REPLY OR FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Alberto Gonzales, Attorney General of the United States and head of the United States Department of Justice, by and through his undersigned counsel, respectfully moves the Court for leave to file a response to plaintiff's recent filing of a brief which could be construed as a sur-reply or a further opposition to defendant's motion to dismiss or both. See Docket Entry Nos. 10, 11. Plaintiff, through his counsel, takes no position on the relief being sought in this motion.[1] The grounds for this motion are set forth below and the defendant's response is attached hereto, together with a proposed order.

---

[1] Plaintiff previously indicated that "Plaintiff has no objection to Defendant filing a reply to his Supplemental Opposition." Pl.'s Motion for Leave to File a Surreply in Opposition to Def.'s Motion to Dismiss or, Alternatively, to File a Supplemental Opposition to Defendant's Motion to Dismiss [Docket Entry No. 10], at 4. When the Court granted plaintiff's motion, it characterized plaintiff's submission as "a sur-reply in further opposition to defendant's motion to dismiss." See Jan. 19, 2007 Minute Order. The semantics are largely irrelevant because defendant respectfully submits that notions of fundamental fairness support allowing defendant to respond to plaintiff's brief based on its inclusion of new argument.

The document plaintiff tendered to the court on January 18, 2007 discusses the Federal Bureau of Investigation's own Manual of Administrative Operations and Procedures ("MAOP"), which he claims was unavailable to him when he filed his opposition to defendant's motion on December 4, 2006 [Docket Entry 6].  Because the argument based on the MAOP was not part of plaintiff's initial opposition, defendant has had no opportunity to respond to it.  Moreover, because plaintiff directs the Court to MAOP, defendant should be allowed to provide input to the Court.  Plaintiff uses the MAOP to support his argument that the FBI's termination of his employment was non-final, and this issue is one of the central issues raised in defendant's motion to dismiss.  Because defendant is responding promptly and directly to a new basis for plaintiff's argument, and the ordinary course of briefing provides for the moving party an opportunity to respond to an opposition, further briefing should be allowed.  To do otherwise would provide plaintiff with an unfair tactical advantage.

This motion is filed in good faith and with the purpose of providing the Court with the most complete argument on which to resolve defendant's pending dispositive motion.  Although Local Civil Rule 7 does not provide for any briefs beyond a reply, the Court has already exercised its discretion in favor of receiving additional argument from plaintiff, and the equities weigh in favor of exercising that same discretion under the circumstances by granting the instant motion and making the defendant's attached response part of the record.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the Court grant defendant leave to file the attached response to plaintiff's sur-reply or further opposition to defendant's motion to dismiss.  A proposed order is attached.

Dated:  January 26, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161