UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL FOSTER,<br><br>      Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES<br>  Attorney General of the United States,<br><br>      Defendant. | Civil Action No. 06-1288 (JDB)<br>ECF |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SURREPLY
### IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Alberto Gonzales, Attorney General of the United States and head of the United States Department of Justice, by and through his undersigned counsel, hereby submits this response to the Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss.

Plaintiff's Surreply argues that the Court should allow him to extend the mandatory 45-day time period for contacting an EEO counselor based on the FBI's Manual of Administrative Operations and Procedures ("MAOP"). Because the MAOP does not supplant the regulations requiring prompt initiation of an EEO complaint, and plaintiff could not have been misled into thinking that they somehow tolled the termination of his employment, plaintiff's argument collapses. Indeed, the MAOP supports defendant's contention that there is no proper basis to excuse plaintiff's untimely EEO contact.

Specifically, plaintiff points to the following MAOP provision in Part 1, §13-1(5)(f): "The decision of . . . a DRB [Disciplinary Review Board] concerning the merits of an appeal involving a non-SES employee will constitute the final decision of the FBI concerning the

appropriateness of the disciplinary sanction in the matter under appeal." Pl's Surreply at 4 [Docket Entry No. 11] & Appendix B, at 3.  Based on this language, plaintiff contends that the 45-day period for him to contact an EEO counselor concerning the termination of his employment only began running when the DRB made its decision to deny the plaintiff's voluntary and internal appeal of his termination.  See Pl.'s Surreply, at 2.

I.      **The Plain Language of the FBI's MAOP Establishes that the DRB Decision was Final Only for Purposes of Any Appeal Filed**

Although Plaintiff contends that the quoted language in the MAOP is "compelling evidence" that his termination in July 2004 was somehow suspended or "tentative" until the DRB's decision in August 2005, see Compl. ¶ 4, the plain language on which he relies is to the contrary and actually supports defendant's position that his termination was final in July, 2004. Plaintiff identifies the MAOP provision § 13-1(5)(f) which applies to the finality of the DRB's decision "concerning the merits **of an appeal**" and to "the matter **under appeal**." Pl.'s Surreply [11], Appendix B, at 3 (emphasis added).  The MAOP merely provides that if an employee elects to appeal a disciplinary action, then the DRB is the entity that will decide the appeal and provide a final decision for the appeal.  In other words, for employees at the FBI who are not in the SES, the only avenue of redress for a disciplinary action is the DRB.

Plaintiff's Complaint demonstrates the purpose of this MAOP provision.  Plaintiff had repeatedly contested the substantive grounds of his termination (without asserting that he believed his termination was due to unlawful discrimination).  See Compl. ¶¶ 10, 14. Nonetheless, the DRB was not convinced by Plaintiff's explanations of his conduct, and made its decision on August 5, 2005 to leave unchanged the July 2004 termination decision by the FBI's Office of Professional Responsibility ("OPR").  See Compl. ¶ 16.  Plaintiff persisted in challenging the termination decision and filed with the FBI's Administrative Services Division a

"Petition for Reconsideration and to Reopen for the Receipt of New Evidence" on September 12, 2005. Compl. ¶ 19.[1] On September 23, 2005, the Administrative Services Division responded to Plaintiff's latest challenge and explained to him that the DRB decision was the "final action" on his appeal. Compl. ¶ 23. As stated above, the MAOP provision cited by Plaintiff merely informs employees which entity will decide an appeal. If the FBI did not have such a provision, then employees might be unsure of whether there was another entity or avenue to pursue an appeal after the DRB's decision; employees such as Mr. Foster might believe they could continue submitting appeals to the Administrative Services Division, or any of the numerous other divisions or entities at the FBI.[2]

Nothing in the MAOP provision cited by Plaintiff suggests that the disciplinary action that the employee has appealed somehow becomes ineffective or suspended until the DRB makes its decision. Neither plaintiff nor the MAOP provision suggests that an appeal to the DRB allowed him to continue to work at the FBI or receive salary until the DRB made its decision. See Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 234-35 (1976) (stating that the relevant action for purposes of filing an EEO charge based on a termination occurred on the date the employee "stopped work and ceased receiving pay and benefits"). As plaintiff admitted in his Complaint, the termination letter specifically informed him that the termination "**is not postponed pending your appeal**." Compl. ¶ 13 (emphasis added). Plaintiff also admits that the termination letter "advised Plaintiff Foster that the OPR was dismissing him from the FBI, **effective upon his receipt of the decisional letter**, July 16, 2004…" Compl. ¶ 12

---

[1] Plaintiff never made any allegation of unlawful discrimination in this filing either.

[2] See also Lever v. Northwestern University, 979 F.2d 552, 556 (7th Cir. 1992) (noting that employees could nullify the applicable time limits by filing a series of appeals if the court allowed the time to start running from the date of the denial of an internal appeal).

(emphasis added).  Thus, the MAOP provision does not change the fact that the termination decision was effective on July 16, 2004.  At that point, plaintiff had the option under the MAOP of filing an internal appeal, but he also had the obligation under 29 C.F.R. § 1614.105(a)(1) to challenge his dismissal as unlawfully discriminatory within 45 days.  Defendant's motion and reply cited multiple cases where the availability of an alternative internal appeal or grievance system did nothing to toll the 45-day requirement, and the courts rejected claims based on EEO complaints filed only after internal challenges were complete.  See Def.'s Mem. [3] at 7-10; Def.'s Reply [9] at 3-6.  Plaintiff's sur-reply still fails to distinguish these cases.

## II.	Plaintiff Was Not Misled By the MAOP Provision in 2004 Because He Never Saw It Until Recently

Even if the Court were persuaded that an employee who had reviewed the MAOP provision could actually be confused about its application (i.e. by misinterpreting it to suggest that every employee who appealed a disciplinary action to the DRB automatically suspends the effect of the disciplinary action or the need to contact the EEO office within 45 days), it does plaintiff no good here.  Although the 45-day time limit may be extended if the employee "did not know and reasonably should not have known that the [] personnel action occurred," (29 C.F.R. § 1614.105(a)(2)), plaintiff knew or reasonably should have known in July, 2004 that his termination had occurred because:  (1) he was no longer performing any work at the FBI, (2) his salary had ceased, and (3) most significantly, the termination letter emphasized that the termination was not postponed during the pendency of any appeal.  See Compl. ¶¶ 9, 12, 13.  Moreover, Plaintiff's Motion for Leave to File a Surreply emphasizes that both Plaintiff (and his counsel) never reviewed the MAOP excerpts until they received the document from the FBI on December 11, 2006.  See Pl.'s Mot. at 2; see also Pl.'s Surreply, at 2; Pl.'s Declaration at ¶¶ 4-5.  Therefore, Plaintiff cannot claim to have been misled at the time the FBI terminated his

4

employment concerning the effect of the MAOP provision. Accordingly, there is no basis for tolling the time requirement for filing an EEO complaint, and plaintiff's initial contact in August, 2005 concerning his July, 2004 termination was significantly untimely.

## CONCLUSION

For the reasons stated above and in Defendant's Motion to Dismiss and Reply, the Defendant respectfully requests that the Court grant its motion and dismiss this case.

Dated: January 26, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Room E4822
Washington, D.C. 20530
(202) 514-7161